**Clara DOE, Plaintiff–Appellant,**

v.

**The NEW YORK BLOOD CENTER, the American Red Cross, and North Shore University Hospital, Defendants–Appellees.**

**Docket No. 01–9128.**

United States Court of Appeals, Second Circuit.

July 17, 2002.

Peter D. Hoffman, Esq., Law Office of Peter D. Hoffman, Katonah, NY, for Appellant.

Julie B. Rottenberg, Arnold & Porter, Washington, DC, for Appellees The American Red Cross.

Bertrand C. Sellier, Solomon, Zauderer, Ellenhorn, Frischer & Sharp, New York, NY, for Appellees The New York Blood Center.

Present WINTER, F.I. PARKER, and POOLER, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Clara Doe appeals from the August 31, 2001 oral decision and the September 6, 2001 order of the United States District Court for the Eastern District of New York (Denis R. Hurley, *Judge*), granting the renewed motion for

summary judgment of defendants-appellees, The New York Blood Center and the American Red Cross, and denying Doe's challenge pursuant to Federal Rule of Civil Procedure ("FRCP") 72(a) to the June 4, 2001 order of United States Magistrate Judge Michael L. Orenstein, which denied Doe's request for additional discovery under FRCP 56(f). Doe does not appeal the grant of summary judgment with respect to defendant North Shore University Hospital.

Doe was diagnosed with the Hepatitis C Virus ("HCV") in 1998, shortly after undergoing a heart procedure at North Shore University Hospital ("NSUH"), where she received three units of blood collected and tested by The New York Blood Center ("NYBC") and the American Red Cross ("Red Cross"). Doe sued NSUH, NYBC, and the Red Cross, alleging that due to their negligence she had received blood contaminated with HCV.

NYBC and the Red Cross identified the three donors whose blood Doe received during her surgery and produced test results showing that all three had tested negative for the HCV before and after Doe's surgery. Contending Doe was unable to show any genuine issue of material fact concerning causation in light of these blood tests, NYBC and the Red Cross moved for summary judgment. Doe responded with a motion under FRCP 56(f), asserting that she needed additional discovery in order to oppose the summary judgment motion. She accompanied her Rule 56(f) motion with an affidavit from her expert witness, Ronald O. Gilcher, M.D., who stated primarily that he needed the test results for the three donors sequentially before and after each of the donors whose blood Doe received, under the theory that the test results for the donors might have been transposed. In response to Doe's Rule 56(f) motion, NYBC and the Red Cross supplied the additional test results to moot the issue but without conceding their relevance.

On March 23, 2001, the district court granted summary judgment to NSUH but deferred its decision as to NYBC and the Red Cross. Judge Hurley granted Doe's Rule 56(f) motion and referred the question of what additional discovery might be necessary to Magistrate Judge Orenstein. Joint Appendix ("JA") at 474.

Pursuant to the referral, on May 4, 2001, Magistrate Judge Orenstein refused Doe's requests to expand discovery beyond what was requested in Gilcher's August affidavit and ordered Doe to have Gilcher "review his prior 56 affidavit and . . . tell us what he did not receive that he requested in his 56 affidavit." JA at 497.

On May 11, 2001 Doe submitted a new affidavit from Dr. Gilcher requesting greatly expanded discovery. Gilcher contended that he now needed the names and test results from every other person who donated blood on the same day as the donors whose blood was transfused to Doe. JA at 507–08. He also contended Doe must be permitted to retest the identified donors, obtain affidavits from them, and require them to answer interrogatories and submit to depositions.

On June 4, 2001 Magistrate Judge Orenstein denied Doe's request for additional discovery, concluding that Gilcher's May affidavit was unresponsive to the district and magistrate courts' directions of March 23 and May 4, respectively.

Returning to the district court, Doe challenged the June 4, 2001 order under FRCP 72(a), and NYBC and the Red Cross renewed their motions for summary judgment. At a hearing on August 31, 2001, Judge Hurley held that Magistrate Judge Orenstein's June 4 ruling was not clearly erroneous because Doe had failed to show how the additional discovery requested in Gilcher's May affidavit would create a genuine issue of material fact

concerning whether the blood she received had been contaminated. Judge Hurley then granted summary judgment in favor of NYBC and the Red Cross.

On appeal Doe contends that if she had received the discovery material identified in Gilcher's May affidavit, she would have been able to call into doubt the scientific reliability of the blood tests produced by the NYBC and the Red Cross for the donors whose blood she received.

We review a district court's ruling on a Rule 56(f) motion for abuse of discretion. *Burlington Coat Factory v. Esprit De Corp.*, 769 F.2d 919, 925 (2d Cir.1985). In opposing summary judgment on Rule 56(f) grounds, Doe's affidavits were required to explain the nature of the uncompleted discovery, i.e., what facts were sought and how they were to be obtained, how those facts were reasonably expected to create a genuine issue of material fact, what efforts she had made to obtain those facts, and why those efforts were unsuccessful. *Burlington*, 769 F.2d at 926. In light of these factors, we find that the district court acted within its discretion when it concluded that Magistrate Judge Orenstein's ruling was not clearly erroneous in refusing Doe's belated request for extensive additional discovery. In particular, Doe failed to demonstrate how the additional blood testing of donors whose blood she did not receive would be reasonably expected to create a genuine issue of material fact under the theory of the case advanced in her pleadings. "[A] district court may refuse to allow additional discovery 'if it deems the request to be based on speculation as to what potentially could be discovered.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Stroh Companies, Inc.*, 265 F.3d 97, 117 (2d Cir.2001) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir.1994)).

We have considered Doe's other arguments challenging the granting of summary judgment to NYBC and the Red Cross and find them to be without merit.

Defendants' motion to supplement the record with, or for the Court to take judicial notice of, Doe's April 24, 2002 letter recently filed in the district court is denied.

For the reasons set forth above, the judgment of the district court is AFFIRMED.